Barbara A. Nemec, Secretary State Rules and Regulations Board 120 S.W. 10th Avenue Topeka, Kansas 66612-1594
Dear Ms. Nemec:
At its last meeting, the State Rules and Regulations Board voted to seek an opinion of the Attorney General regarding the quorum and voting requirements applicable to Board action. On behalf of the Board, you therefore pose the following questions:
1. How many members of the Board must attend a meeting in order to constitute a quorum?
2. How many members' votes are required to approve a regulation?
You state that the Board is created pursuant to K.S.A. 77-423. That statute provides that the Board is to be composed of five members, but does not establish a specific quorum requirement for the transaction of business or a specific voting requirement for Board action. K.S.A. 77-424
requires that the Board meet annually for the purpose of determining which rules and regulations are to be published, but likewise does not establish any quorum or voting requirements for that or any other action taken by the Board.
This office has considered quorum and voting requirements of various entities in several previous opinions.[1] It has been consistently found that, in the absence of any law or rule fixing the quorum, it consists of "a majority of the entire body."[2] Those opinions also state that, unless otherwise specifically provided, a majority of a quorum is generally all that is necessary for a body to take action.[3]
This latter is the rule pronounced in K.S.A. 77-201 Fourth.[4] Thus, we continue to believe that "unless a statute provides otherwise the generally accepted rule is that a majority of any body constitutes a quorum for the transaction of business, and a majority of the quorum is sufficient to take any particular action."[5] More precisely, "unless provision is otherwise made by law, the persons to whom the authority is given must meet and confer and be present when the act is performed, in which case a majority of them, but no less, may perform the act; or, after all of them have been notified to meet, a majority having met will constitute a quorum of sufficient number to perform the act by a majority of the quorum, in the absence of a contrary provision by law."[6]
That the State Rules and Regulations Board is subject to this general rule of law was assumed in at least one prior Attorney General Opinion, which stated: "If a majority of a quorum of the board agrees that such rules may be adopted on a temporary basis, the rules may be in place quickly."[7] Thus, it is our opinion that a quorum of the five member State Rules and Regulations Board is three and, if a quorum or more is present at a properly called meeting of the Board, a majority of those present is sufficient for the Board to approve or disapprove the adoption of regulations as temporary regulations.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm
[1] See, e.g., Attorney General Opinions No. 96-32, 93-140, 91-73, 83-174.
[2] Black's Law Dictionary 1255-56 (6th Ed. 1990).
[3] Note 1, supra. See also Equity Investors, Inc. v. Ammest Group,Inc., 1 Kan. App. 2d 276, 281 (1977); McQuillin, Municipal Corporations §§ 13.27, 13.27.10, 13.30, 13.31.10 (3d Ed. 1992).
[4] See State ex rel. Stephan v. Board of Sedgwick CountyCommissioners, 244 Kan. 536, 541-42 (1989); Unified School District No.407 v. Fisk, 232 Kan. 820, 827-29 (1983).
[5] 2 Am.Jur.2d Administrative Law § 99 (2002 Supp).
[6] McQuillin, Municipal Corporations § 13.30 (1992) (citations omitted).
[7] Attorney General Opinion No. 90-110.